UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| FRANCIS B. LYNCH, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 6: 03-479-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RANDY SEASE and BRENDA WALTZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants/Counterclaim Plaintiffs. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendants/Counterclaim Plaintiffs Randy Sease and Brenda Waltz's motion for attorneys' fees. [Record No. 68]  Sease and Waltz seek attorneys' fees pursuant to the contractual agreement that they had with Plaintiff/Counterclaim Defendant Francis Lynch and Lynch's subsequent breach of that contract.  Because the claim for attorneys' fees was an element of damages to be proved at trial and because Sease and Waltz failed to present evidence at trial to satisfy their burden of proof on this claim, the Court will deny the motion.

**I.      BACKGROUND**

In February 1995, Lynch, Sease and Waltz entered into an agreement in which they agreed that Sease and Waltz, as part of a Contact Group, would provide prospective funding opportunities to Lynch for the acquisition of Somerset Oil.  In exchange, Lynch agreed to pay the Contact Group a "finder's fee . . . when the financing or loan [was] approved and closed by Lynch."  Although Lynch did not purchase Somerset Oil at the time of the parties' initial

discussions, he bought the refinery approximately three years later. Sease and Waltz were not paid a finder's fee in connection with the purchase.

On September 9, 2003, Lynch filed a declaratory judgment action against Sease and Waltz seeking a determination that Sease and Waltz were not entitled to a finder's fee. Sease and Waltz responded by filing a counterclaim for breach of contract, fraud and promissory estoppel. Following trial, on March 8, 2006, the jury returned a verdict in favor of Sease and Waltz on their counterclaims. Specifically, with respect to the breach of contract claim, the jury found that the parties had a contractual agreement and that Lynch breached the agreement. The jury awarded damages to Sease and Waltz in the total amount of $150,000 on their promissory estoppel claim. However, the jury determined that Sease and Waltz were not entitled to damages on their breach of contract and fraud claims.

On March 9, 2006, the Court entered judgment in favor of Sease and Waltz on their breach of contract, fraud and promissory estoppel claims. At that time, the Court also addressed Lynch's motion for a declaratory judgment. The Court concurred with the jury's determination "that the February 27, 1995, agreement between Francis B. Lynch and Randy Sease and Brenda Waltz is valid and enforceable and that Francis B. Lynch breached the agreement." However, consistent with the jury's verdict, the Court determined that Sease and Waltz were not entitled to a finder's fee under the terms of the contract. Based on these findings, the Court granted, in part, and denied, in part, Lynch's motion for a declaratory judgment.

## II.     ANALYSIS

Sease and Waltz rely on Rule 54(d) of the Federal Rules of Civil Procedure in arguing that they are entitled to attorneys' fees. This Rule provides, in relevant part, that:

> (1) **Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .
>
> (2) **Attorneys' Fees.**
>    **(A)** Claims for attorneys' fees and related nontaxable expenses shall be made by motion *unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial*.
>
>    **(B)** Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Fed.R.Civ.P. 54(d) (emphasis added). This rule reflects the general rule in American litigation that each side pays its own attorneys' fees. *Key Tronic Corp. v. United States*, 511 U.S. 809 (1994).

Attorneys' fees can be either an element of damages to be proven at trial or a collateral matter to be determined following adjudication of the relevant claims. *Clarke v. Mindis Metal, Inc.*, 99 F.3d 1138, 1996 WL 616677, at *3, 9 (6th Cir. 1996). ("Typically, attorney's fees are collateral to the merits and are awarded only after the entry of judgment . . . [However, t]he claim for attorney's fees in this case is clearly the sort of claim that was an element of damages to be proved at trial.") When attorneys' fees are a collateral matter, Rule 54(d)(2) of the Federal Rules of Civil Procedure provides that such "[c]laims for attorneys' fees . . . shall be made by

motion . . . filed no later than 14 days after entry of judgment." However, when attorneys' fees are sought under the terms of a contract, they can become analogous to any other claim for contract damages. *See Clarke,* 99 F.3d 1138, 1996 WL 616677, at *3 ("In this case, attorney's fees are analogous to damages for breach of the lease . . ."); *id.* at 99 F.3d 1138, 1996 WL 616677, at *9 ("The 'substantive law,' i.e., the contract, placed the attorney's fees claim at the heart of the case; they were not a collateral matter.") *See also* Fed.R.Civ.P. 54(d)(2)(A) ("Claims for attorneys' fees . . . shall be made by motion *unless* the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.") (emphasis added).

The 1993 Amendment to Rule 54(d)(2) provides that: "[Rule 54(d)(2)] does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." As such, the award of attorneys' fees in such a situation can thus be denied completely due to a failure on the part of the party seeking them to carry its burden of proof at trial.

Sease and Waltz claim attorneys' fees pursuant to paragraph six of the 1995 agreement, which provides, in relevant part:

> 6.      Failure of Participant to notify the Contact Group of a loan commitment from the Provider shall be considered a breach of this agreement, and the Contact Group shall be entitled to take whatever action and/or means necessary to insure payment of the fee. In the event of such default, the Contact Group shall become entitled to all expenses of collection, including, but not limited to, reasonable attorneys' fees, as well as the sum certain of $1,5000,000.00.

Based on this contractual provision, it is apparent that the substantive law governing the action, i.e., the contract between the parties, provides "for the recovery of [attorney fees] as an element of damages to be proved at trial." Fed.R.Civ.P. 54(d)(2)(A). In accordance with the terms of the contract, attorneys' fees are recoverable as a remedy for Lynch's failure "to notify [Sease and Waltz] of a loan commitment from the Provider." As such, the condition precedent to recovering attorneys' fees is a breach of contract by Lynch, not the successful litigation of the breach of contract claim by Sease and Waltz.

Several decisions from other jurisdictions are relevant to the issue presented by the pending motion. For example, in *Carolina Power and Light Co. v. Dynegy Marketing and Trade*, 415 F.3d 354 (4th Cir. 2005), Carolina Power contracted to purchase coal from Dynegy in specific amounts and at predetermined prices. The contract provided that, in the event Carolina Power defaulted, Dynegy was entitled to recover, among other things, its "legal costs." These were defined as "reasonable out-of-pocket expenses," including "legal fees [incurred] by reason of the enforcement and protection of . . . rights under the contract." Dynegy's financial rating declined after the parties signed the contract. When Dynegy failed to provide credit enhancements, Carolina Power declared a default and filed a declaratory judgment action seeking a determination that it had a right to terminate the contract. Dynegy counterclaimed for breach of contract and the case proceeded to trial. After the close of Carolina Power's evidence, the judge granted Dynegy's motion for judgment as a matter of law, finding that Carolina Power was not entitled to terminate the contract and was in breach for refusing to comply with its terms.

The court awarded damages to Dynegy, but deferred ruling on a claim for "legal costs." Judgment was entered on April 6, 2004.

Carolina Power filed a notice of appeal, but Dynegy moved to dismiss the appeal as untimely. Carolina Power argued that the judgment of the lower court was not final because the district court had not ruled on Dynegy's claim for legal costs. Carolina Power asked that the appeal be stayed pending a ruling. Dynegy argued that the claim was collateral to the merits of its breach-of-contract claim and did not prevent the judgment from being final. *See Budinich v. Becton Dickinson & Co.,* 486 U.S. 196 (1988) (a claim for attorneys' fees based on the claimant's prevailing party status is not part of the merits and does not prevent a judgment from being final). Carolina Power disagreed, arguing that the claim was based on a provision in the parties' contract, not Dynegy's prevailing party status.

The Fourth Circuit held that under the contract, Dynegy was entitled to recover its legal costs, including attorneys' fees, if Carolina Power "fail[ed] to accept all or any part of the quantity of Coal to be delivered . . ." Based on this provision, the court held that the claim for attorneys' fees was not a collateral issue but rather was an element of damages to be proved at trial. Consequently, the court found that the lower court judgment was not final and could not be appealed.

Conversely, in *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir. 2000), the Eleventh Circuit held that the failure to plead a claim for attorneys' fees did not constitute a jurisdictional defect precluding award of such fees in light of Fed.R.Civ.P. 54(c), which states that "every final judgment shall grant the relief to which the party in whose favor

it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." However, the contract provision providing for attorneys' fees in that case was of the "prevailing party" variety, i.e., the only issue to entitlement was which party prevailed. Furthermore, the parties in *Capital Asset* "agreed during the trial . . . to the bifurcation of attorneys' fees for later hearing." *Id.* at 1271.

In *Rissman v. Rissman,* 229 F.3d 586 (7th Cir. 2000), the defendants sought an award of attorneys' fees under a contractual provision entitling a prevailing party to reasonable costs and attorneys' fees. *Id.* at 587. The district court declined to award attorneys' fees based, in part, on its belief that it had no "jurisdiction" to award them because the defendants failed to seek the fees in a counterclaim. *Id.* The Seventh Circuit reversed, concluding that under Rule 54(d)(2)(A), "a party seeking legal fees among the items of damages[,] for example, fees that were incurred by the plaintiff before the litigation begins," must raise its claim before trial, i.e., in a pleading. *Id.* at 588. However "[f]ees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award." *Id.* The Court held that the claim for attorneys' fees was within the court's jurisdiction and, thus, awarded fees to the prevailing defendants.

The present case involves a contract provision similar to the provision at issue in *Carolina Power*. Under the contract, Sease and Waltz were permitted to recover attorneys' fees if Lynch "fail[ed] . . . to notify the Contact Group of a loan commitment from the Provider." Unlike *Capital Asset* and *Rissman*, the instant case is not a "prevailing party" attorneys' fees case where the only determinations the court must make are which party prevailed at trial and

the amount fees incurred by that party in pursuing the claim. Pursuant to the agreement, the attorneys' fees are in the nature of damages for breach of the agreement. Unlike "prevailing party" attorneys' fees that are collateral to the merits of an action and which do not accrue until the litigation is actually brought, attorneys' fees under the contract between the parties in this case arose upon breach of the agreement by Lynch.

In summary, the Court finds that Sease and Waltz's claim for attorneys' fees is a substantive claim in that it is based upon a contract that provides for the recovery of fees as an element of damages to be proved at trial. However, Sease and Waltz failed to present any evidence or testimony at trial establishing that they were contractually entitled to fees. Because Sease and Waltz failed to satisfy their burden of prof on this issue at trial, the Court finds that their request for attorneys' fees should be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendants/Counterclaim Plaintiffs Randy Sease and Brenda Waltz's motion for attorneys' fees [Record No. 68] is **DENIED**;

2. An amended judgment will be entered this date.

This 2nd day of May, 2006.



Signed By:
Danny C. Reeves   DCR
United States District Judge