UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| FRANCIS B. LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 03-479-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RANDY SEASE and BRENDA WALTZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff/Counterclaim Defendant Francis Lynch's motion for approval of a cashier's check in the amount of $160,000 to be posted in lieu of the supersedeas bond and for stay of execution of the judgment [Record No. 151] and his motion to dissolve the writ of execution and for return of the stock certificate. [Record No. 157] In support of the motions, Lynch asserts the cashier's check is sufficient security to stay execution of the judgment and that the encumbrance of the stock certificate is causing "substantial difficulty upon the ongoing business activities of the company." Therefore, Lynch requests that the Court dissolve the Writ of Execution and order that the stock certificate be returned immediately.

In response, the Defendants/Counterclaim Plaintiffs state that the proposed transaction by Lynch, *i.e.*, the posting of the cashier's check, should not have a retroactive effect on the execution of the stock certificate. Sease and Waltz further argue that, in the event the Court accepts the cashier's check in lieu of a supersedeas bond, the Court should require Lynch to

-1-

immediately deposit the check without requiring release or return of the stock.  In the alternative, Sease and Waltz request that the Court require Lynch to deposit the cashier's check prior to ordering the release of the stock certificate.

Sease and Waltz have cited authority indicating that the Court should not retroactively stay enforcement proceedings in this case inasmuch Lynch failed to timely post the bond and they have already expended considerable effort in attempting to enforce the judgment.  However, courts have noted that the denial of a retroactive application of a stay may not be appropriate when manifest injustice would result.  *See Larry Santos Production v. Joss Org., Inc.*, 682 F. Supp. 905 (E.D. Mich. 1988).  It has long been established that an order granting a supersedeas bond may be vacated or modified on application and sufficient showing to the proper court.  *See e.g., In Re Federal Facilities Realty Trust*, 227, F.2d 651, 653-54 (7th Cir. 1955).   Sease and Waltz's position ignores the overriding purpose of a supersedeas bond which is to guarantee that a party will be able to collect its judgment if the verdict is affirmed on appeal.  As noted in the authority cited by Lynch, "[r]egardless of when the bond is posted, Rule 62(d) provides that the bond is the only security which the [judgment holder] is entitled to pending appeal." *Sheldon v. Munford, Inc.*, 128 F.R.D. 663, 666 (N.D. Ind. 1989).

In the instant case, Lynch has represented to the Court that the Writ of Execution is impeding his attempts to save the company from bankruptcy.  Specifically, Lynch states that he and his business partners are attempting to refinance and/or sell the company in order to secure its future and pay the petroleum producers who are currently owed money.  Inasmuch as the posting of the cashier's check in the amount of $160,000 will provide Sease and Waltz with

-2-

sufficient surety until such time as the appeal is completed, the Court will grant the motion for approval of the cashier's check which will, in effect, act as a supersedeas bond, staying the execution of the judgment pending appeal.  However, the Court will stay the return of the stock certificate for a period of 90 days from the posting of the cashier's check to provide further protection to the Defendants/Counterclaim Plaintiffs.

Accordingly, it is hereby **ORDERED** as follows:

1.      The  Plaintiff/Counterclaim Defendant Francis Lynch's motion for approval of a cashier's check in the amount of $160,000 to be posted in lieu of the supersedeas bond and for stay of execution of the judgment [Record No. 151] is **GRANTED**.  The Plaintiff shall immediately tender a cashier's check in the amount of $160,000 to the Clerk.  The Clerk shall accept the cashier's check and deposit it into an interest bearing account.  The cashier's check will, in effect, act as a supersedeas bond, and will stay the execution of the judgment pending appeal.

2.      Plaintiff/Counterclaim Defendant's motion to dissolve the writ of execution [Record No. 157] relating to the stock certificate is **GRANTED**;

3.      Plaintiff/Counterclaim Defendant's motion for return of the stock certificate [Record No. 157] is **GRANTED**.  Sease and Waltz are hereby directed to return the stock certificate to Lynch.  However, the effect of this portion the Order is **STAYED** for a period of ninety (90) days from the date the cashier's check is posted with the Clerk of the Court.

4.      The remaining motion [Record No. 160] is denied as moot.

This 22nd day of August, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge