UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| FRANCIS B. LYNCH, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 6: 03-479-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RANDY SEASE and BRENDA WALTZ, | ) | **AND ORDER** |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of a number of motions filed by the parties following the August 18, 2007, Opinion from the United States Court of Appeals for the Sixth Circuit reversing this Court's March 9, 2006, Judgment. Specifically, the Plaintiff/Counterclaim Defendant Francis Lynch ("Lynch") has filed a motion for return of bond [Record No. 183] and motion for bill of costs. [Record No. 184] The Defendants/Counterclaim Plaintiffs Randy Sease and Brenda Waltz ("Sease and Waltz") have filed a motion to alter or amend the judgment or, in the alternative for a new trial on damages. [Record No. 185]

In reversing the judgment of this Court, the Sixth Circuit found that Sease and Waltz failed to present any evidence to support a claim for promissory estoppel and that "[i]n the absence of any evidence of a promise without consideration, Lynch was entitled to judgment as a matter of law with regard to his promissory estoppel claim."

**A.    Motion to Alter or Amend the Judgment**

Sease and Waltz have moved the Court to alter or amend the judgment or, in the alternative, grant a new trial on damages, arguing that this Court's judgment is inconsistent on its face. In particular, Sease and Waltz claim that "a jury verdict that awards $150,000 in damages for actions that the Sixth Circuit held constitutes fraud and breach of contract and finds in favor of Sease and Waltz on fraud and breach of contract, but does not award any damages for fraud and breach of contract, is inconsistent on its face and indicates that the jury was in a state of confusion." [Record No. 185, p. 6] This Court, however, disagrees.

Although the jury determined that Lynch had breached his contract with Sease and Waltz and had committed fraud, it specifically refused to award damages on those claims. Rather, the jury elected to only award damages on the promissory estoppel claim. However, the Sixth Circuit has now determined that there was no factual basis to support a promissory estoppel claim. Further, the court noted that "there is no need for the equitable doctrine of promissory estoppel because Sease and Waltz have other remedies that make them whole." *Lynch v. Sease*, 2007 WL 2301995, at *4 (6th Cir. Aug. 13, 2007). In particular, the court noted that the jury determined that Sease and Waltz prevailed on the breach of contract and fraud claims. The mere fact that the jury chose not to award damages on these claims does not make the jury's verdict and/or the judgment "inconsistent." In fact, the Sixth Circuit noted in its opinion that "the existence of [the breach of contract and fraud] remedies is sufficient to make promissory estoppel inapplicable, despite the fact that the jury clearly found that Sease and Waltz suffered no damages from Lynch's breach of contract and fraud." *Lynch v. Sease*, 2007 WL 2301995, at *4 n.2 (6th Cir. Aug. 13, 2007).

Based on the Sixth Circuit's opinion, the promissory estoppel claim must be dismissed. Likewise, the Court must set aside the jury's award of damages on that claim. While the court

acknowledges Sease and Waltz's frustration with the a jury verdict which found in their favor on the breach of contract and fraud claims but failed to award damages on those claims, the jury's findings are not inconsistent and do not warrant applying the damages awarded for promissory estoppel to the fraud and breach of contract verdicts and/or ordering a new trial on damages.  The Court will, however, amend the judgment in this case, consistent with the Sixth Circuit's opinion, by vacating the award of damages in favor of Sease and Waltz on the promissory estoppel claim.

### B. Motion for Bill of Costs and Motion for Return of Bond

Lynch asks the Court to award it costs under Rule 54(d) of the Federal Rules of Civil Procedure.  Costs are generally awarded to a prevailing party as a matter of course.  The district court, however, may in its discretion deny a request for costs.  *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986).  Specifically, Rule 54(d) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1).

Sease and Waltz have objected to an award of costs to Lynch, stating that Lynch was not a "prevailing party."  Specifically, Sease and Waltz point out that the jury found in favor of them on the breach of contract and fraud claims.  While the Lynch certainly is a prevailing party on the promissory estoppel claim in light of the Sixth Circuit's opinion, the Court agrees that Sease and Waltz, although not awarded any damages on the claims, are the prevailing parties on the breach of contract and fraud claims.  And because both parties have prevailed on certain claims, the

Court finds that, under these circumstances, each party should pay its own costs and expenses. Therefore, the Court will deny Lynch's request for bill of costs.

The Court, however, will grant Lynch's motion for return of the $160,000 bond. Lynch initially posted the bond to stay the execution of the judgment pending appeal. Given that a mandate has been issued and that the Sixth Circuit has concluded that Lynch is entitled to judgment as a matter of law on the promissory estoppel claim, the Court finds that a return of the bond to Lynch is appropriate.

**C.   Conclusion**

For the reasons discussed herein, it is hereby **ORDERED** as follows:

1. Sease and Waltz's motion to alter or amend the judgment or, in the alternative, for a new trial on damages [Record No. 185], is **GRANTED**, in part, and **DENIED**, in part;

2. Lynch's motion for a bill of costs [Record No. 184] is **DENIED**; and

3. Lynch's motion for return of bond [Record No. 183] is **GRANTED**.

4. A separate Amended Judgment consistent with this Memorandum Opinion and Order shall be entered this date.

This 28th day of September, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge